NO. 07-09-0291-CR
 NO. 07-09-0292-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 SEPTEMBER 9, 2010

 VICTOR JOE CORTEZ, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

 NOS. 58,786-A, 58,787-A; HONORABLE HAL MINER, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Victor Joe Cortez, was convicted by a jury of three
counts of aggravated sexual assault of a child and one count of
indecency with a child by sexual contact enhanced by a prior
conviction for the felony offense of indecency with a child.[1] He
was sentenced to confinement for three consecutive life sentences and
one concurrent life sentence. In presenting his appeal, counsel has
filed an Anders[2] brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of her motion to withdraw, counsel certifies she has
conducted a conscientious examination of the record and, in her
opinion, the record reflects no potentially plausible basis to support
an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous. See High v. State,
573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also
demonstrated that she has complied with the requirements of Anders and
In re Schulman by (1) providing a copy of the brief to Appellant, (2)
notifying him of his right to file a pro se response if he desired to
do so, and (3) informing him of his right to file a pro se petition
for discretionary review. In re Schulman, 252 S.W.3d at 408.[3] No
response was filed by the State. Appellant filed a pro se response to
counsel's brief.[4]

 By his Anders brief, counsel raises three arguable issues: (1)
whether the trial court erred by ordering three of Appellant's life
sentences to run consecutively, (2) whether Appellant's punishment was
properly enhanced to automatic life, despite the State's use of the
same prior conviction to enhance two separate offenses, and (3)
whether the evidence was both legally and factually sufficient to
support Appellant's conviction. Counsel then candidly reviews each
arguable issue and explains why no reversible error is presented.

 Where we have an Anders brief by counsel and a pro se response,
we have two choices. We may determine that the appeal is wholly
frivolous and issue an opinion explaining that we have reviewed the
record and find no reversible error; Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex.Crim.App. 2005) (citing Anders, 386 U.S. at 744), or we
may determine that arguable grounds for appeal exist and remand the
cause to the trial court so that new counsel may be appointed to brief
issues. Id. (citing Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991)). However, "[o]nly after the issues have been
briefed by new counsel may a court of appeals address the merits of
the issues." 178 S.W.3d at 827.

 We have reviewed counsel's arguments and we have independently
examined the entire record to determine whether there are any non-
frivolous issues which might support the appeal. See Penson v. Ohio,
488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988);
In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503,
511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous
v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing
the record, counsel's brief and Appellant's pro se response, we find
nothing in the record that might arguably support the appeal. See
Bledsoe, 178 S.W.3d at 826-27 (holding that it is constitutional error
for an appellate court to address nonmeritorious arguments raised in a
pro se response to an Anders brief).

 Accordingly, counsel's motion to withdraw is granted and the
trial court's judgments are affirmed.

 Patrick A. Pirtle
 Justice
Do not publish.
-----------------------
[1]See Indictments for Causes Nos. 58,786-A and 58,787-A. See also
Tex. Penal Code Ann. §§ 22.021(a)(2)(B), 21.11(a)(1), 12.42(c)(2)
(Vernon Supp. 2009), respectively.

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967).

[3]Notwithstanding that Appellant was informed of his right to file a
pro se petition for discretionary review upon execution of the Trial
Court's Certification of Defendant's Right of Appeal, counsel must
comply with Rule 48.4 of the Texas Rules of Appellate Procedure which
provides that counsel shall within five days after this opinion is
handed down, send Appellant a copy of the opinion and judgment
together with notification of his right to file a pro se petition for
discretionary review. Tex. R. App. P. 48.4. See In re Schulman, 252
S.W.2d at 408 n.22 & 411 n.35.

[4]By his pro se response, Appellant raised two issues. He questions
(1) whether the trial court should have conducted an investigation
into an alleged conflict of interest between the prosecutor and
defense counsel and (2) whether defense counsel should have filed
certain motions. Appellant's "third issue" is in actuality a single-
sentence conclusion, i.e., that, but for counsel's unprofessional
conduct and deficient performance, the outcome of his trial would have
been different.